UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                               Case. No. 11-CR-369-09 (PAM/FLN)

           Plaintiff,

v.                                                                                **ORDER**

Frederick Adrianne Hamilton.

           Defendant.

---

This matter is before the Court on Frederick Adrianne Hamilton's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3585. For the following reasons, the Motion is denied.

On January 19, 2012, the United States indicted Hamilton on federal bank-fraud charges. At that time, Hamilton was in state custody for violating his supervised release after he had served 90 months of a 144-month sentence for soliciting, inducing, and promoting prostitution. On January 20, 2012, the United States Marshals Service took Hamilton into federal custody.

Because Hamilton was in federal custody beginning January 20, 2012, Hamilton was unavailable for his Minnesota Department of Correction's release-consideration hearing on February 8, 2012. Consequently, the rest of Hamilton's 144-month state sentence continued to run while he was in federal custody and eventually expired on January 3, 2013.

On September 6, 2012, a jury convicted Hamilton of one count of conspiring to commit bank fraud and two counts of aiding and abetting bank fraud.  On July 22, 2013, the Court sentenced Hamilton to concurrent terms of 57 months imprisonment on each of the counts.  Because Hamilton was in federal custody at that time, his federal sentence began the day the Court sentenced him.  See 18 U.S.C. 3585(a).  In addition, Hamilton received credit for his time served in federal custody from January 4, 2013 until July 21, 2013.  (Woods-Coleman Decl. (Docket No. 1115) Ex. G.); see also 18 U.S.C. 3585(b).

Hamilton claims his sentence should be reduced for two reasons.  First, Hamilton claims that he should receive credit for time served in federal custody from February 8, 2012, to July 3, 2013, because he "could have" been released from state custody on February 8, 2012.  (Deft.'s Obj. to Gov. Resp. (Docket No. 1121) at 2.)  But because Hamilton was unavailable for review and release consideration by the Minnesota Department of Corrections on February 8, 2012, he was never released from state custody.  (See Deft.'s Mot. (Docket No. 1106) Ex. 3.)  In other words, Hamilton continued to serve his state sentence, even though he was physically in federal custody, until it expired on January 3, 2013.  Because Hamilton received credit towards his state sentence during that time period, he does not receive credit towards his federal sentence. See 18 U.S.C. 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.")

Second, Hamilton claims that the Federal Bureau of Prisons has not credited him time served in federal custody between January 4, 2013 and July 21, 2013. (Deft.'s Obj. to Gov. Resp. (Docket No. 1121) at 3.) This is simply not true. Hamilton has received credit for that time served. (See Woods-Coleman Decl. Ex. G.)

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Reduce Sentence (Docket No. 1106) is **DENIED**.

Dated: September 12, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge